UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DIANA DENTONI and ANTHONY ANDINO, | No.  2:25-cv-3502 DC AC PS |
| Plaintiffs, | |
| v. | ORDER |
| SIERRA COUNTY, et al., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiffs filed requests for leave to proceed in forma pauperis ("IFP") and submitted the affidavits required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motions to proceed IFP will therefore be granted.

## I.  SCREENING

### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

    B.    The Complaint

Plaintiffs sue Sierra County, the Sierra County Sherriff's Department, and Officer Autumn Berry for alleged civil rights violations under 28 U.S.C. § 1983, conspiracy to violate civil rights under § 1985, criminal trespass, and various state law violations. ECF No. 1 at 1. The events giving rise to the complaint occurred during the eviction of plaintiffs on December 4, 2024, at a property in Sierra County. Id. at 3. Plaintiffs allege the eviction date was incorrect and that plaintiffs were improperly evicted under threat of arrest. Id. at 3-4. The deputies "breached their duty of care to plaintiffs by failing to verify the existence of a lawful writ of possession prior to executing the eviction, and by failing to secure plaintiffs' pets and personal property." Id. at 4. Defendants used "intimidating body language, dismissive behavior, and coercive threats" toward plaintiffs, causing emotional trauma. Id. Plaintiffs lost access to personal belongings, including their pet cats and vehicles, due to defendants' conduct. Id. One officer commented that plaintiff Dentoni likely had nowhere else to go, and even if she had more time she wouldn't be ready to move anyway, which plaintiffs allege demonstrates discriminatory motive or class-based targeting. ECF No. 5.

Plaintiffs allege three constitutional violations: excessive force, violations of due process, and illegal seizure in violation of their constitutional rights pursuant to 42 U.S.C. § 1983, as well as Conspiracy to Violate Civil Rights pursuant to 42 U.S.C. § 1985. ECF No. 1 at 6-7. Plaintiffs allege that unconstitutional policies or practices of the County led to the violations. Plaintiffs allege multiple state law violations including negligence, violations of Californias' Bane Act,

3

illegal lockout, trespass, violation of the California Constitution, punitive damages, vicarious liability, and statutory civil penalties.  Id. at 6.

C.      Problems with the Complaint

Several problems with plaintiffs' complaints render it unsuitable for service at this time. First, plaintiffs claim for trespass is an alleged violation of the Penal Code, and plaintiffs do not have authority to bring criminal claims.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  No amendment can cure the unavailability of criminal causes of action.

Second, plaintiffs' causes of action under 42 U.S.C. §1983 are improperly brought against municipal entities for the actions of their employees.  A municipal entity cannot be held liable for the actions of its employees under §1983; it may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); Miranda v. Clark County, Nevada, 319 F.3d 465, 470 (9th Cir. 2003).  A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights.  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir.1996).  Here, plaintiff's causes of action under §1983 are all brought against municipal entities (Sierra County and the Sierra County Sherriff's department) for actions allegedly taken by their employees.  While plaintiffs make the general, blanket statement that the actions of officers were taken pursuant to unconstitutional municipal policies, patterns, or practices, there are no specific allegations or facts to support this conclusory statement.  If plaintiffs wish to bring a §1983 claim against entities, they must identify a specific policy or custom that resulted in a constitutional violation.  Conclusory statements are insufficient.

Plaintiffs also name Officer Autumn Berry as a defendant, but they do not explain whether Berry was involved in the actual eviction or what her role was, beyond asserting that she is

4

"believed to have signed off on documents" authorizing the eviction.  ECF No. 1 at 4.  It is not clear which specific causes of action are alleged against Berry.  To the extent plaintiffs contend Berry violated their constitutional rights, there can be no liability under Section 1983 unless there is an affirmative link or connection between a particular defendant's actions and the specific claimed deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  The "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Gilbrook v. City of Westminster, 177 F.3d 839, 854 (9th Cir. 1999) (quoting Johnson, 588 F.3d at 743–44).  Liability cannot be established on a theory of respondeat superior based on the unconstitutional conduct of subordinates.  See Iqbal, 556 U.S. at 676.  Plaintiffs must state specific acts or omissions of Berry and identify how those acts or omissions violated specific rights.

Third, plaintiffs' §1983 claim for excessive force necessarily fails because no use of force is alleged.  "An objectively unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's prohibition against unreasonable seizures."  Torres v. City of Madera, 648 F.3d 1119, 1123–24 (9th Cir. 2011), cert. denied, 132 S. Ct. 1032 (2012).  Here, though plaintiffs list an excessive force clam, the facts do not allege that any force was used.  The closest the complaint gets to alleging force is the assertion that defendants used "intimidating body language," but this is not the same as an allegation of physical force.  ECF No. 1 at 4.  If no force was used, there can be no claim for excessive force.

Fourth, plaintiffs' §1985 claim is unsupported.  "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property

damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) ).  "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102.  To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ).  Further, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).  Here, plaintiffs have not alleged any facts to support a conspiracy of any kind.

Fifth, although the court need not exercise jurisdiction over state claims if no federal claims survive,[1] the court notes that many of plaintiffs' remaining state law claims fail as a matter of law.  For example, The Bane Act "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" Reese v. County of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230  (2007)).  A Bane Act claim must rest on factual allegations that would allow an inference the defendant had a specific intent to violate the plaintiff's rights.  See id. "[S]pecific intent" may be shown by demonstrating that the defendant "acted ... 'in reckless disregard of constitutional or statutory prohibitions or guarantees.'" Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766, 803–04, 225 Cal.Rptr.3d 356 (2017), as modified (Nov. 17, 2017) (citation omitted); Reese, 888 F.3d at 1045 ("[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to

---

[1] Plaintiffs correctly note in their complaint that jurisdiction rests on 28 U.S.C. § 1331, federal question jurisdiction.  ECF No. 1 at 2.  If no federal claim survives, this court generally declines to exercise supplemental jurisdiction over state law claims.

deprive that person of those rights."). Plaintiff's allegations do not allege specific intent and do not fit a Bane Act claim.

For all the foregoing reasons, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

For the reasons stated above, the complaint cannot be served at this time. Plaintiffs will be given thirty days to file an amended complaint to allege claims adequately supported by factual allegations. The amended complaint must allege facts establishing the elements of each claim and specifying the involvement of each named defendant. It must contain a short and plain statement of each of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs. Plaintiffs may bring the amended complaint on behalf of themselves only, and not their minor children.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended

complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

You will not be required to pay the filing fee, but your complaint cannot be served at this time.  You are being given an opportunity to file an amended complaint that fixes the problems described above.  The amended complaint needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  You need to clearly state which claims are being made against which defendants and provide facts to support the claims.  Without this information, the court cannot tell if you can state a claim against each of the named defendants.  You should not include any criminal law violations in your amended complaint because only the government can bring criminal claims.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions to proceed in forma pauperis (ECF No. 2 and 3) are GRANTED;

2. Plaintiffs are ORDERED to file an Amended Complaint within 30 days of this order; and

8

3. If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: January 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE