UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA DENTONI and ANTHONY ANDINO,<br>Plaintiffs,<br>v.<br>SIERRA COUNTY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | No. 2:25-cv-3502 DC AC (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This matter is before the court on plaintiffs' motion for reconsideration of the order dismissing this case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 60. ECF No. 27. Plaintiffs are proceeding pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). For the reasons that follow, plaintiffs' request should be GRANTED.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

This case was filed on December 4, 2025. ECF No. 1. Defendants Sierra County and Sierra County Sheriff's Department filed a motion to dismiss set to be heard on July 22, 2026. ECF No. 16. Pursuant to Local Rule 230(c), plaintiffs were required to file an opposition or notice of non-opposition within 14 days of the motion being filed. In this case, the deadline was June 15, 2026. Plaintiffs did not file an opposition or statement of non-opposition. Concerned

that plaintiffs had abandoned this case, the court issued an order to show cause why this action should not be dismissed for failure to prosecute. ECF No. 19. Plaintiffs were cautioned that failure respond could lead to a recommendation that the action be dismissed. Plaintiffs again did not respond. Defendants filed a notice of plaintiffs' failure to file an opposition on July 2, 2026. ECF No. 20. On July 14, 2026, the undersigned recommended that this case be dismissed without prejudice for failure to prosecute. ECF No. 21. Over one month later, on August 24, 2026, plaintiffs filed oppositions to the motion to dismiss and responded to the order to show cause. ECF Nos. 24, 25, 26. The same day, the District Judge adopted the Findings and Recommendations dismissing the case without prejudice for failure to prosecute. ECF No. 23.

## II. THE MOTION

Plaintiffs ask the court for relief from judgment pursuant to Fed. R. Civ. P. 60. ECF No. 27. Plaintiffs assert that their delay in opposing the motions to dismiss was due to plaintiff Dentoni being away from her residence for an extended period in June and July 2026 without reliable access to mail. ECF No. 27 at 6. Plaintiffs argue that reopening the case will cause no prejudice, as their oppositions to the motions to dismiss are now on the record. Id. Plaintiffs assert that they acted in good faith and the circumstances support the finding of excusable neglect. Id. at 7.

## III. STANDARDS

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court.." Allmerica Financial Life Insurance and

Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

## IV. ANALYSIS

Plaintiffs' motion to re-open this case was timely filed, and it demonstrates that their failure to timely respond to the court's orders was the result of excusable neglect. Accordingly, the undersigned will recommend that the motion be granted. However, plaintiffs are cautioned that it is their responsibility to respond timely to motions and court orders, and to ensure that their mail is being monitored for so long as this lawsuit is pending.

## V. CONCLUSION

It is HEREBY RECOMMENDED that plaintiffs' motion for reconsideration (ECF No. 27) be GRANTED and this case be reopened. Upon re-opening, the Clerk of Court is DIRECTED to re-activate the motion to dismiss (ECF Nos. 16, 18), and defendants shall have 7 days to file reply briefs in response to plaintiffs' oppositions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 21, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE